**LUMMI INDIAN TRIBE, et al., Plaintiffs-Appellants, Cross-Appellees,**

v.

**Wesley C. OLTMAN, et al., Defendants-Appellees, Cross-Appellants.**

Nos. 83–3521, 83–3563.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 1983.

Decided Nov. 25, 1983.

Harry L. Johnsen, Bellingham, Wash., for plaintiffs-appellants, cross-appellees.

Jeffrey L. Carey, Seattle, Wash., for defendants-appellees, cross-appellants.

Before WRIGHT, PREGERSON, and FERGUSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Lummi Indian Tribe filed this action under 42 U.S.C. § 1985, alleging that the defendants had blocked tribal access to fishing grounds. The defendants counterclaimed under 42 U.S.C. §§ 1981, 1982, and 1985.

After a settlement, both sides sought attorney fees under 42 U.S.C. § 1988, which the district court disallowed on the basis that neither party had prevailed.

The order denying fees reasoned that each party had received benefits and made concessions, and that the main benefit the plaintiffs received was narrowly circumscribed and burdened with assurances to the defendants.

■ Whether a party is a "prevailing party" for the purposes of § 1988 is a finding of fact that will not be disturbed on appeal unless clearly erroneous. *White v. City of Richmond,* 713 F.2d 458, 460 (9th Cir.1983). We must reverse, however, if the district court used incorrect legal standards to reach this finding. *See Rutherford v. Pitchess,* 713 F.2d 1416, 1421–22 (9th Cir.1983). The Supreme Court and this circuit have clarified the meaning of § 1988 since the district court made its ruling. We

find that these recent cases require a remand.

■ The district court denied attorney fees for two reasons. First, the court stated that it was "unable to determine which of the parties would have prevailed had this matter gone to trial." This consideration is inappropriate. In order to be a "prevailing party," a plaintiff need only establish "some sort of clear, causal relationship between the litigation brought and the practical outcome realized." *Id.* at 1419 (*quoting American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981)). There is no requirement that the party obtain formal relief on the merits. *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980).

■ Second, the district court denied fees because both parties received benefits and made concessions in the settlement. This analysis is inconsistent with *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In *Hensley,* the Supreme Court held that " 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on *any* significant issue in litigation which achieves *some* of the benefit which the parties sought in bringing suit.' " —— U.S. at ——, 103 S.Ct. at 1939, 76 L.Ed.2d at 50 (*quoting Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)) (emphasis added).

*Hensley* approves a generous standard for determining when a plaintiff is a "prevailing party." The *extent* of the plaintiff's success is considered only in determining the *amount* of the award. —— U.S. at ——, 103 S.Ct. at 1942, 76 L.Ed.2d at 54.

The plaintiffs sought to enjoin the defendants from interfering with their access to their fishing sites. The settlement assured them access to these sites. Accordingly, the plaintiffs received some of the benefit that they sought in bringing suit. *See Hensley,* —— U.S. at ——, 103 S.Ct. at 1939, 76 L.Ed.2d at 50; *Bartholomew v. Watson,* 665 F.2d 910, 914 (9th Cir.1982).

■ "Plaintiffs prevailing in a civil rights action 'should ordinarily receive attorney's fees unless special circumstances would render such an award unjust.' "

*Mayer v. Wedgewood Neighborhood Coalition,* 707 F.2d 1020, 1021 (9th Cir.1983) (*quoting Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416–17, 98 S.Ct. 694, 697–98, 54 L.Ed.2d 648 (1978). Because the district court ruled that the plaintiffs were not "prevailing parties" under § 1988, it had no occasion to rule on the defendants' theory that "special circumstances" would render an award unjust in this case. *See, e.g., Aho v. Clark,* 608 F.2d 365, 367–68 (9th Cir.1979). *Cf. Buxton v. Patel,* 595 F.2d 1182 (9th Cir.1979) (normal rule that prevailing plaintiffs should receive attorney fees absent special circumstances may not apply where the plaintiff has sued for damages). The district court should consider this issue on remand.

REVERSED and REMANDED.