John **FINCKE**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health, and Human Services, Defendant.

No. CV–R–82–308–ECR.

United States District Court, D. Nevada.

Sept. 11, 1984.

Washoe Legal Services by Charles R. Zeh, Sparks, Nev., for plaintiff.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

After considering the parties' cross-motions for summary judgment in this case, wherein Plaintiff seeks reversal or remand of Defendant Secretary's decision to terminate Plaintiff's disability benefits under the federal Social Security and Supplemental Security Income programs, U.S. Magistrate Phyllis Halsey Atkins on February 10, 1984, filed a Report and Recommendation. In the Report, Magistrate Atkins noted that the Secretary, on October 27, 1983, had agreed that remand was warranted in light of the decision and order handed down in *Lopez v. Heckler*, 572 F.Supp. 26 (C.D.Cal.1983). The Secretary stated that she wished to apply the "medical improvement" standard of *Lopez* to Plaintiff's case on remand, and further indicated that she understood that Plaintiff "should be able to obtain interim benefits through June 1984 or until a new hearing decision is issued, whichever is earlier." The Magistrate's Recommendation is that the case be remanded to the Secretary for further administrative proceedings to determine whether Plaintiff's disability continues. In addition, the Magistrate recommends that Plaintiff be awarded costs incurred in bringing the matter before the Court, pursuant to 28 U.S.C. § 2412(c)(2), because the Secretary's non-acquiescence to Ninth Circuit precedent amounted to bad faith.

The Secretary's only objection to the Magistrate's Report and Recommendation is based on the possibility that the "costs" Magistrate Atkins recommended be awarded to Plaintiff might be construed to include attorney fees. The Secretary has argued that Plaintiff has obtained no relief on the merits as yet. She further urges that her agreement that remand is appropriate negates the Magistrate's finding that she had acted in bad faith. The *Lopez* decision was handed down on June 16, 1983, and the Secretary's stipulation that the case should be remanded was filed on October 27, 1983, an interval of little more than four months.

As will be discussed below, the non-acquiescence of the Secretary to Ninth Circuit precedent occurred prior to the *Lopez* decision. The Magistrate's finding of bad faith is fully supported by the record. Further, Plaintiff on April 5, 1984, formally moved under 28 U.S.C. § 2412 for an award of attorney fees. The Secretary has filed opposing memoranda. Therefore, Plaintiff's entitlement may be decided pursuant to the motion, thus obviating the need to resolve the question of whether the Magistrate's recommendation that costs be awarded to Plaintiff was meant to include attorney fees. Accordingly, this Court accepts in whole the recommendations of the Magistrate. The remainder of this Order will be devoted to the motion for attorney fees.

The controlling statute is 28 U.S.C. § 2412, which is part of the Equal Access to Justice Act. Subsection (d)(1)(A) provides, in pertinent part, that a reasonable attorney fee shall be awarded to a prevailing party in a non-tort civil action against an official of the United States acting in her official capacity, unless the court finds that "the position of the United States was substantially justified. . . ."

■ The standards used in determining who is a "prevailing party" are the same in all types of cases in which Congress has authorized an award of fees to a "prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); *see also National Labor Relations Board v. Doral Building Services, Inc.*, 680 F.2d 647 (9th Cir.1982).

*Hensley*, also at p. 1939, declares that a plaintiff may be considered a prevailing party for attorney fee purposes if he succeeded on any significant issue in litigation which achieves some benefit to him. *See also Lummi Indian Tribe v. Oltman*, 720 F.2d 1124, 1125 (9th Cir.1983). In the instant proceedings, Plaintiff has succeeded in persuading defendant Secretary that he is entitled to disability benefits at least from April 1981 through June 1984. This fulfills the further requirement that the plaintiff establish some sort of clear, causal relationship between the litigation he has brought and the practical outcome he has realized. *See Ibid; Rutherford v. Pitchess*, 713 F.2d 1416, 1419 (9th Cir.1983). *Rutherford*, at p. 1422, notes that it doesn't matter whether formal success on the merits was achieved or merely that the bringing of the lawsuit served as a catalyst for the desired result.

■ In determining a motion for attorney fees brought under 28 U.S.C. § 2412(d)(1)(A), the court must award such fees unless it decides that the position of the United States was substantially justified. *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir.1984). The test for substantial justification is one of reasonableness; the Government has the burden of showing that its case had a reasonable basis both in law and in fact. *Ibid.;* 1980 U.S.Code Cong. & Ad.News 4953, 4989. The totality of the circumstances, that is, both the underlying agency conduct before suit was commenced and the Government's position during the course of the litigation must be evaluated in determining whether the Government's position was substantially justified. *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir.1983); *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir.1984).

Whether there has been a prior decision against the Government in a similar suit reviewed by the same Circuit Court of Appeals is a strong factor in deciding the reasonableness of the Government's position. *Hoang Ha, supra* at 1106. Two very similar earlier cases were decided against the Government in the Ninth Circuit. In *Finnegan v. Matthews*, 641 F.2d 1340, 1345 (9th Cir.1981), the opinion states: "The Secretary may not terminate benefits absent a showing of ... medical improvement which is sufficient to establish that an applicant is no longer 'continuously disabled....' " In a case decided February 18, 1982, the Ninth Circuit pointed out that where there has been a prior ruling of disability, a presumption arises that the disability still exists. *Patti v. Schweiker*, 669 F.2d 582, 586 (9th Cir.1982). On page 587 the opinion twice declares that where such a presumption exists, the Secretary has the burden to come forward with evidence that the claimant's medical condition has improved in the interim.

The Secretary disagreed with the holding of both the *Finnegan* and *Patti* cases. His reaction was, on February 23, 1982, to advise all administrative law judges that the Social Security Administration's policy (termination of benefits is called for if evidence shows the recipient is not disabled under current criteria) was to be followed, even in the Ninth Circuit, without obeying the Circuit's requirement that proof of improvement in the claimant's medical condition must be made before termination of disability benefits. *See Kuehner v. Schweiker*, 717 F.2d 813, 824 (3rd Cir 1983); SSR 82–49c; SSR 81–6; SSR 82–10c.

■ Failure of the Secretary to follow the clear language of the Circuit's opinions has been held to be unreasonable and, therefore, not substantially justified. *Chee v. Schweiker*, 563 F.Supp. 1362, 1365 (D.Az.1983); *see also Cole v. Secretary of Health and Human Services*, 577 F.Supp. 657, 662 (D.Del.1983); *San Filippo v. Secretary of Hlth. & Human Services*, 564 F.Supp. 173, 175 (E.D.N.Y.1983); *Ithaca College v. N.L.R.B.*, 623 F.2d 224, 228 (2nd Cir.1980). Therefore, Plaintiff is entitled to reasonable attorney fees under 28 U.S.C. § 2412(d)(1)(A).

■ Subsection (c)(2) of the same statute provides that the attorney fee award shall be paid by the Government agency where it is found that the United States "acted in

bad faith." Bad faith may be found either in the activities that led to the lawsuit or in the conduct of the litigation. *Lauritzen v. Lehman,* 736 F.2d 550, 559 (9th Cir.1984); *McQuiston v. Marsh,* 707 F.2d 1082, 1086 (9th Cir.1983).

■ The Secretary's non-acquiescence to the holding of *Finnegan* and *Patti* (that disability is presumed to continue unless the Secretary introduces evidence proving that the claimant's medical condition has improved) is premised on the possibility that, in many instances, the evidence on which disability originally was allowed may no longer be available. *See Lopez v. Heckler,* 572 F.Supp. 26, 30 (C.D.Cal.1983). She analogizes to the practice of the Internal Revenue Service in declaring its non-acquiescence to some adverse holdings of courts. This position ignores the effect of an agency's non-acquiescence; that is, the agency obeys a circuit court's ruling in the circuit of its origin, but disregards it in other circuits. *Chee v. Schweiker,* 563 F.Supp. 1362, 1365 (D.Az.1983); *Lopez v. Heckler,* 725 F.2d 1489, 1503 n. 12 (9th Cir.1984). The Secretary's refusal to comply with the Ninth Circuit rule expressed in *Finnegan* and *Patti,* on the ground that she has the right to non-acquiesce even within the Circuit, has been rejected. *See Lopez v. Heckler,* 713 F.2d 1432, 1438 (9th Cir.1983); *Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir.1983). An Agency is bound to follow the law of the Circuit. *Ithaca College v. N.L.R.B.,* supra at 228; *ITT World Communications v. F.C.C.,* 635 F.2d 32, 43 (2nd Cir.1980).

■ The Ninth Circuit decided *Finnegan* April 16, 1981; it handed down its decision in *Patti* February 18, 1982. Their holding has been followed consistently. *See Lyle v. Secretary of Health and Human Services,* 700 F.2d 566, 568 (9th Cir.1983); *Iida v. Heckler,* 705 F.2d 363, 365 (9th Cir.1983). The Secretary's refusal to be bound by the holding was knowing and deliberate, for her agency's rulings SSR 82–10c and SSR 82–49c were in direct reaction to *Finnegan* and *Patti* respectively. This attitude amounted to "bad faith." *Chee v.*

*Schweiker,* supra at 1365; *see also Lopez v. Heckler,* 725 F.2d 1489, 1503 (9th Cir. 1984). Her agency is liable for Plaintiff's attorney fees as awarded infra.

■ Plaintiff's attorney has filed an affidavit reflecting his expenditure of fifty-one hours in the litigation of this action, plus ten hours in connection with the motion for attorney fees. Effort entailed in recovering such fees may be compensated in the fee award. *Knighton v. Watkins,* 616 F.2d 795, 800 (5th Cir.1980); *Scarborough v. Office of Personnel Management,* 723 F.2d 801, 818 n. 51 (11th Cir.1984).

■ The affidavit asserts that $90 per hour would be a reasonable fee. The number of hours (a total of sixty-one) is reasonable; the issues involved have not been simple; skill has been required and Plaintiff's attorney has experience and expertise; the customary fee is at least $90 per hour; and the case is rather undesirable. Therefore, the Court agrees that the $5490 figure (sixty-one hours times $90) is reasonable. However, this figure must be reduced for two reasons. First, 28 U.S.C. § 2412(d)(2)(A) limits the attorney fee in this case to no more than $75 per hour. Sixty-one hours times $75 gives a result of $4575. This, also, must be reduced because, so far, Plaintiff has achieved only limited success. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983); *Sethy v. Alameda Cty. Water Dist.,* 602 F.2d 894, 898 (9th Cir. 1979).

Plaintiff's date of birth was September 25, 1934. The Secretary held his disability to have ceased in April 1981, when he was forty-six years of age. The litigation has achieved the result of the Secretary acknowledging Plaintiff's apparent entitlement to interim benefits from April 1981 through June 1984, a period of three years and three months. However, the lawsuit seeks reinstatement of Plaintiff to the disability rolls until such time as it is proved that his medical condition has improved to the extent he is no longer legally disabled. Where, as in Plaintiff's case, the alleged

**130**

disability arises from arthritis, disc degeneration and alcoholism, significant improvement with the passage of time is not very likely. The Court must seek to determine the degree of his success so far, in setting the amount of attorney fees. *Hensley v. Eckerhart, supra* 461 U.S. 424, 103 S.Ct. at 1941; *see also Lummi Indian Tribe v. Oltman,* 720 F.2d 1124, 1125 (9th Cir.1983).

The question of whether Plaintiff will be reinstated after remand has not been answered by his attorney's efforts up to now. The Secretary's job has been made more difficult, however, because Plaintiff has established that the Ninth Circuit procedure of shifting the burden to the Secretary to produce evidence establishing improvement in Plaintiff's medical condition must be followed. Therefore, all of the time expended by Plaintiff's attorney up to now has some bearing on the ultimate outcome of the case. Nevertheless, the Court concludes that the limited success so far obtained requires a reduction of forty percent from the fees that would have been awarded had Plaintiff's success in the litigation been complete. Forty percent of $4575 is $1830. Subtraction of the latter figure from the former leaves $2745 as a reasonable and appropriate attorney fee, taking into account the hours expended and the results obtained. *See Rutherford v. Pitchess,* 713 F.2d 1416, 1422 (9th Cir.1983).

IT IS, THEREFORE, HEREBY ORDERED that this case be remanded to the Secretary of Health and Human Services for further administrative proceedings to determine whether Plaintiff's disability continues, such proceedings to be conducted in accordance with the holding of the Ninth Circuit Court of Appeals as to such matters.

IT IS FURTHER ORDERED that the Clerk of Court shall tax as costs against the defendant any expenditures herein of Plaintiff provided for in 28 U.S.C. § 1920 upon the filing of a bill of costs by Plaintiff.

IT IS FURTHER ORDERED that the defendant shall pay to Plaintiff the sum of $2745 as and for a reasonable attorney fee.