**Paul JENSEN, Plaintiff-Appellant,**

**v.**

**Harry STANGEL, et al.,**
**Defendants-Appellees.**

**No. 83–2473.**

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 11, 1985.

Decided June 10, 1985.

Order May 21, 1986.

As Amended June 11, 1986.

Thomas J. Ferrito, Los Gatos, Cal., for plaintiff-appellant.

William B. Mayfield, San Jose, Cal., for defendants-appellees.

Before PREGERSON and FERGUSON, Circuit Judges, and STEPHENS, District Judge *.

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

## ORDER GRANTING APPELLANT'S REQUEST FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

Paul Jensen filed this action under 42 U.S.C. § 1983 against the City of San Jose ("City") and two police officers. The district court granted summary judgment for the City, the jury decided in favor of one officer, and the other was dismissed by the court as a defendant. The district court found Jensen's action to be "vexatious, frivolous and without foundation" and awarded attorney's fees to Stangel and the City in the sum of $10,934.00.

Jensen appealed the attorney's fee award, and we reversed, holding that Jensen's claims were not frivolous, unreasonable, or without merit. *Jensen v. Stangel,* 762 F.2d 815 (9th Cir.1985). Because he successfully challenged the district court's award of attorney's fees, Jensen, pursuant to 42 U.S.C. § 1988, now moves for attorney's fees on this appeal.

We note at the outset that section 1988 authorizes an award of attorney's fees to Jensen for his successful appeal. "[We have] construed [section 1988] as implicitly authorizing compensation for time devoted to either the pursuit or the defense of an appeal challenging the district court's award of attorney's fees." *In re Nucorp Energy, Inc.,* 764 F.2d 655, 660 (9th Cir.1985) (citing *Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir.1981)).

■ 42 U.S.C. § 1988 provides that in actions brought under 42 U.S.C. § 1983 a court may, in its discretion, award reasonable attorney's fees to a "prevailing party." A party is a "prevailing" party under this section if he or she succeeds "on any significant issue in litigation which achieves some of the benefit" the party sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124, 1125 (9th Cir.1983). The extent of the plaintiff's success is considered only in determining the amount of the award. *Hensley,* 461 U.S. at 436–37, 103 S.Ct. at 1941, *Riviera v. City of Riverside,* 763 F.2d 1580, 1583 (9th Cir.1985), *cert. granted,* — U.S. —, 106 S.Ct. 244, 88 L.Ed.2d 253 (1985); *Lummi,* 720 F.2d at 1125.

■ Here Jensen achieved all the benefit he sought on his appeal from the district court's attorney's fee award. On appeal we held that his section 1983 claim was reasonable and not frivolous, and we reversed the judgment against him for the amount of defendants' district court attorney's fees. Because Jensen now has the benefit of a favorable final judgment on the merits of his fee award appeal, he is the prevailing party and is entitled to a reasonable attorney's fee for his appeal.[1]

Congress intended to encourage nonfrivolous suits by victims of discrimination when it enacted section 1988. *Parks v. Watson,* 716 F.2d 646, 664–65 (9th Cir.1983) (citing S.Rep. No. 1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908 at 5912). Furthermore, "Congress has instructed the courts to use the broadest and most effective remedies available to achieve the goals of our civil rights laws." S.Rep. No. 1011 at 3, *reprinted in* 1976 U.S.Code Cong. & Ad. News at 5910. This circuit has interpreted Congress' mandate to require a liberal construction of section 1988 to achieve the purpose of encouraging compliance with and enforcement of the civil rights laws. *American Constitutional Party v. Munro,* 650 F.2d 184, 187 (9th Cir.1981).

In this appeal, we determined that Jensen's civil rights suit was reasonable, meri-

---

1. In addition, this court's determination of the reasonableness of Jensen's claim has to a great extent vindicated Jensen in his dispute with the City. The critical issue in the underlying suit was whether the officer was entitled to qualified immunity. Although Jensen lost on this issue, our reversal on the fee issue established that Jensen's claim was meritorious and reasonable despite the eventual finding of immunity. While we will not speculate as to the effect of that decision on Jensen's future conduct or the legality of his past conduct, we can safely assume that Jensen's success on this appeal, which overturned an attorney fee award in excess of $8,000, resulted in a significant benefit to Jensen.

torious and not frivolous and that the defendants were therefore not entitled to an attorney's fee award by the district court. Failure to award attorney's fees for Jensen for successfully prosecuting such an appeal would deter plaintiffs from bringing good faith actions to vindicate civil rights and produce a result contrary to the intent of Congress.

Having concluded that Jensen is entitled to attorney's fees, we must determine the amount to which he is entitled. The amount should be "reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943. Because Jensen enjoyed complete success on his appeal, the entire effort of his counsel on appeal is reasonably related to the results obtained. In support of his motion for such an appeal, Jensen included affidavits of the two attorneys who worked on this appeal. The first attorney stated that he worked 17 hours and is usually compensated at $125.00 per hour. The second attorney worked 142.8 hours and usually charges $75.00 per hour. We find that both the hours worked and the rates charged are reasonable in this case. Accordingly, Jensen's motion for attorneys fees on appeal is granted in the sum of $12,835.00.

STEPHENS, District Judge, dissenting:

I dissent from the views expressed in the foregoing majority opinion, because I believe that it misinterprets 42 U.S.C. Section 1988 in disregard of opinions of the Supreme Court, Ninth Circuit cases cited and relevant cases from other circuits.[1]

In a nutshell, my position is that in a civil rights action which is decided by a jury verdict, the prevailing party is identified in the verdict and judgment. In this case this was defendant Stangel. Only a party prevailing upon a substantial issue in the action is entitled to attorney's fees- per Section 1988. However, a prevailing defendant is still not entitled to attorney fees unless the claims of the plaintiff are friv-

olous, unreasonable or groundless. Plaintiff Jensen against whom the verdict was rendered, appealed. We reversed, because the suit was not frivolous, etc. Then plaintiff Jensen requested attorney's fees for himself on the ground that he had now prevailed. But a plaintiff who succeeds only in reversing a fee award to a prevailing defendant is not entitled to recover his attorney's fees from the prevailing defendant because: 1) he only prevailed in a collateral proceeding which was a part of the costs assessable against the loser, and 2) this was not compensation for the injury he claims to have suffered which was also the benefit he sought by bringing suit.

The majority opinion is specifically contrary to *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451–52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1981), wherein it was held:

Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. E.g., *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257 [98 S.Ct. 556, 54 L.Ed.2d 521] (1978). By contrast, a request for attorney's fees under Section 1988 raises legal issues collateral to the main cause of action- issues to which Rule 59(e) was never intended to apply. Section 1988 provides for awards of attorney's fees only to a "prevailing party." Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require *an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has "prevailed."* (emphasis added).

Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under Section 1988 are not compensation for the injury giving rise to an

---

**1.** 42 U.S.C. Section 1988 states, in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 or 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964,

the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

action. Their award is uniquely separable from the cause of action to be proved at trial. *See Hutto v. Finney*, 437 U.S., at 695, n. 24 [98 S.Ct. at 2576 n. 24]. In note 14 at 455 U.S. page 453, 102 S.Ct. page 1167, the Supreme Court points out:

> If a merits judgment is final and appealable prior to the entry of a fee award, then the remaining fee issue must be "collateral" to the decision on the merits. Conversely, the collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as "final" and "appealable." *Obin v. District No. 9, Int'l Assn. of Machinists and Aerospace Workers*, supra, at 584.

The injury which gave rise to Jensen's action was violation of his civil rights. He thought that he had been unlawfully arrested and incarcerated. The benefits he sought were damages and vindication. Defendant Stangel, a police officer, and the prevailing party, sought and was awarded attorney's fees by the trial judge. Jensen appealed and we reversed.

The majority treats Jensen's success in appealing the award of fees in this "separate inquiry" as success on a significant issue in the litigation and a benefit Jensen sought in bringing suit. However, it was patently not success upon a substantial issue in the suit brought by Jensen or compensation for the injury of violation of his civil rights. The suit brought by Jensen had terminated in a judgment from which no appeal was taken. Only after this did Stangel seek and receive a fee award in a separate although collateral proceeding. The appeal was from an award of fees made after final judgment which as provided in Section 1988 was to be treated as part of the costs, a collateral matter. Furthermore, the benefit Jensen achieved on appeal was neither sought nor gained by bringing suit. It was a separate inquiry from the decision on the merits.[2] It was relief from having to pay the lawyers who successfully represented Jensen's opponent.

Having won his appeal, Jensen then sought to recover his own attorney's fees from defendant Stangel who had prevailed on the merits of Jensen's suit and held a final judgment to prove it. By the majority's reasoning, the loser has undergone a metamorphosis to become a prevailing party, entitled to attorney's fees under Section 1988.[3] As a consequence, the majority opinion reaches an absurd result; namely, the entitlement to attorney's fees is recognized as the merits of the litigation and both sides are prevailing parties.

---

**2.** *See White v. New Hampshire Dept. of Employment Security, supra.; see also Hanrahan v. Hampton*, 446 U.S. 754, 758–59, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1979), wherein it was stated:

> ... Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the "substantial rights of the parties" which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.
>
> \* \* \* \* \* \*
>
> As is true of other procedural or evidentiary rulings, these determinations may affect the disposition on the merits, but were themselves not matters on which a party could "prevail" for purposes of shifting his counsel fees to the opposing party under Section 1988.

*See also Ekanem v. Health and Hospital Corporation of Marion County, Indiana*, 778 F.2d 1254, 1258 (7th Cir.1985), wherein the court stated:

> Initially we note that the definition of the relevant labor pool and the determination that the defendants were not entitled to attorneys fees were not "the benefit the parties sought in bringing suit" and a reversal of the district court's decisions on these matters, therefore, does not make the plaintiffs "prevailing parties."

**3.** The majority cites two Ninth Circuit opinions for the proposition that the Court of Appeals can award attorneys fees for an appeal challenging or defending a challenge to the propriety of the district court's attorneys fee award. In *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118 (9th Cir.1981), is the following:

> ... attorneys fees may be awarded for time devoted in successfully defending appeals of or challenges to the district court's award of attorneys fees.

657 F.2d at 1126. In context, it is clear that the words "appeals of" and "challenges to" are used synonymously. The court held that fees were appropriate when a prevailing plaintiff was required to defend a challenge to an award of

I do not accede to the statement that Section 1988 authorizes an award of attorney's fees to Jensen for his success on appeal. My associates close their eyes to the reasoning of the Supreme Court in *White v. New Hampshire* that a fee dispute is a separate proceeding so independent that the claim for fees and costs could be the subject of an independent action.[4]

Jensen's civil rights action was tried on the merits to a jury for three days. Both sides presented evidence on relevant and substantial questions of fact. The jury resolved the conflicts by bringing in a general verdict against plaintiff Jensen and in favor of defendant Stangel. Judgment was entered in the docket on August 4, 1983, and at that moment it was appealable. *See* Federal Rule of Civil Procedure 58. Jensen permitted the time for appeal to lapse. The judgment became final and it was thereby settled that Stangel was the prevailing party on the merits.

On September 12, 1983, 38 days after the judgment became final, the trial judge filed a memorandum of opinion and an order awarding attorney's fees on authority of Title 42 Section 1988 to the prevailing party, defendant Stangel, on the ground that Jensen's suit was frivolous saying in effect that it did not deserve a trial. Jensen appealed from this award and we reversed because it is settled that a prevailing defendant is not entitled to attorney's fees unless plaintiff's action is frivolous and we found on appeal that there were questions of material fact which required the trial by jury.[5]

The Supreme Court succinctly explains the law applicable to this situation and characterizes attorney's fees proceedings as collateral to the merits in *White v. New Hampshire*, 455 U.S. 452, 102 S.Ct. at 1166.

To be sure, it is not always necessary to prevail by way of a judgment to be a

fees. Unlike *Jensen v. Stangel,* the award of fees on appeal was made to a plaintiff successfully defending the trial court's fee award on appeal. *Hutto v. Finney,* 437 U.S. 676 [98 S.Ct. at 2564] (1978) was cited in support of an award of attorneys fees on appeal. This case is not authority for allowing fees to a plaintiff who did not prevail at trial.

*In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir.1985) is a bankruptcy case. Counsel petitioned for fees, including compensation for the time spent in preparing the application for fees. The court looked to the practice in statutory fees cases (such as Section 1988 awards) to support its holding that time spent in establishing entitlement to and the amount of fees is compensable. Entitlement to Section 1988 awards was not involved.

I have not found any case in any circuit that holds that fees can be awarded at the appellate level when a litigant overturns an award of fees to a party which prevailed in the district court.

4. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 66, 100 S.Ct. 2024, 2032, 64 L.Ed.2d 723] (1980) (a claimed entitlement to attorney's fees is sufficiently independent of the merits action under Title VII to support a federal suit "solely to obtain an award of attorney's fees for legal work done in state and local proceedings.")

5. In *Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1977), the Supreme Court made the following observations in referring to the Second and Third Circuits:

To the extent that abstract words can deal with concrete cases, we think that the concept embodied in the language adopted by these two Court of Appeals is correct. We would qualify their words only by pointing out that the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

\*   \*   \*   \*   \*   \*

Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

In this dissent I have adopted the single word "frivolous" as representing the language approved by the Supreme Court in the quote above.

prevailing party entitled to fees authorized by Section 1988. If a plaintiff in litigation can demonstrate to the satisfaction of the trial court that a significant objective of the litigation is attained as a result of pressures produced by the pendency of the suit, the plaintiff may be awarded attorney's fees for the legal work in the litigation which produced such pressures.[6] However, in the *Jensen v. Stangel* litigation, none of the benefits (compensation for injury) which Jensen sought in bringing suit were achieved in any manner. As to the separate collateral proceedings on fees (including the appeal) it is safe to say that at the time Jensen brought suit, he had not even dreamed that it would be necessary to appeal to avoid payment of his opponent's attorney's fees.

My dissent is especially applicable to the footnote in the majority opinion. The fact that we recognized that Jensen had stated a claim for relief which was adequately pleaded and which warranted a jury trial, did not in the slightest degree vindicate Jensen in his dispute with the city or the police. The critical factual issue in the underlying suit, as it went to the jury, was whether officer Stangel had probable cause to arrest Jensen. From the general verdict a finding may be inferred that the jury found from the evidence that the officer had probable cause to arrest Jensen. It is a given principle of law that if the officer had probable cause to arrest he had immunity from civil liability.[7] The verdict for Stangel and against Jensen means that Jensen lost on the merits and Stangel was the prevailing party.

6. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (plaintiff successful in achieving primary relief sought); *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124 (9th Cir.1983) (case settled favorably to plaintiff); *Rutherford v. Pitchess,* 713 F.2d 1416 (9th Cir.1983) (causal relationship recognized between litigation brought and practical outcome realized).

7. *See Pierson v. Ray,* 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967); *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir. 1981) *cert. denied* 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982).

Our jurisdiction is defined by the notice of appeal; which in this case limits the appeal to the judge's award of attorney's fees.[8] We have no jurisdiction to pass judgment on the evidence or to comment upon the factual merit of Jensen's claims or impune the jury verdict in any way. We ruled only that Jensen's claims were justiciable and that it was not unreasonable for Jensen to bring this suit to protect his civil rights. We did not determine that the activity which caused Jensen's arrest was reasonable. That determination rested in the hands of the jury. The verdict is hardly susceptible to such an interpretation. The suggestion that Jensen's activities vis-a-vis the city were vindicated by the language used in our previous opinion, or now, exceeds our jurisdiction and conflicts with the outcome of the suit. As already noted, the jury rendered a general verdict without any specific factual findings. An attempt to rescue Jensen from his loss in the trial court or to tangentially supply judicial authority that Jensen can or cannot continue tape recording police interaction with citizens is beyond our judicial authority in this case and most inappropriate.

The majority opinion emphasizes that Congress intended to encourage meritorious civil rights suits. Implicitly Congress did not favor bringing civil rights suits which lacked merit. Encouragement of meritorious civil rights suits was achieved by authorizing a court in its discretion to award attorney's fees to the party prevailing in the civil rights action. The courts have recognized the intent of Congress by limiting awards when defendants prevail to cases where the plaintiff's suit had no mer-

8. *See Terket v. Lund,* 623 F.2d 29, 33 (7th Cir. 1980). In this case attorneys fees were granted by the district court to the successful defendant against the plaintiff whose case was dismissed. The court ruled that the attorneys fee issue could not be reviewed, because no notice of appeal of this order was filed. That the issue of attorneys fees is not a part of the case on the merits is obvious. Jurisdiction of the Court of Appeals is dependent upon the notice of appeal. Appeal of the issue of entitlement to attorneys fees does not provide a jurisdictional base for the Court of Appeals to determine which party prevailed upon the merits.

its. Since the award of such fees is a separate proceeding, it is not of itself a civil rights action. Section 1988 does not specifically authorize attorneys fees to the party prevailing on appeal.

On the other hand, the courts have recognized that when such fees have been awarded in the District Court and then challenged on appeal, the legal cost of defending the original award must be added to the District Court's award to protect it from being lost or eroded by the cost of defending it on appeal. The same may be said of an appeal brought to overcome a refusal by the trial court to award fees to the prevailing party. To carry out the intent of Congress, a party who has been unjustly denied fees in the trial court who succeeds in establishing entitlement on appeal should be entitled to a reasonable fee for legal services in the trial court and in the appellate court in order to recover a net award which is not lost or diminished by the cost of legal services on appeal.

It is clear to me, that Section 1988 authorizes recovery of fees by a qualified party for legal services in the trial court and if appeal is necessary, legal costs of appeal must be added. However, one unqualified prerequisite is to be a prevailing party in the civil rights suit. Jensen lacks this qualification. He initiated the action, but didn't prevail and Congress did not provide for fees in this situation.

In my mind, this is an important case, one of first impression in the Ninth Circuit. *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118 (9th Cir.1981) is a Ninth Circuit case cited by the majority as supporting the proposition that fees may be awarded to any party succeeding in the Court of Appeals on the subject of entitlement to fees. Plaintiffs in the cited case had been awarded fees by the trial court, as the prevailing parties. Defendants challenged the District Court's award on appeal. In context, the language used in the opinion affirming the award, "successfully defending appeals of or challenges to" the award, obviously refers only to the successful defense of the award on appeal. The words "appeals" and "challenges" are used synonymously. Otherwise the meaning attached to those words in the majority opinion would be dicta, in light of the facts of that case. Dicta of this character should be ignored. I therefore believe this to be a case of first impression in this circuit. This case does not support treating Jensen, who prevailed on appeal only, as a prevailing party within the meaning of Section 1988.

As a case of first impression in this Circuit, this is an important case because the issue of entitlement to attorneys fees is a growing source of litigation. Congress intended to encourage non-frivolous civil rights suits and authorization to assess attorneys fees as part of the costs has been a considerable inducement. As a measure of balance, Congress added that only a prevailing party would qualify. The rule has been generally adopted that to qualify, a plaintiff must prevail upon an issue he raised when he brought suit rather than on collateral issues which develop in the course of litigation. The majority opinion defeats the Congressional plan by eroding this principle, making it irrelevant as to whether the plaintiff wins or loses in the trial court.