849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary R. TAYLOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-5781, 87-5931.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1988.
 
 Before ENGEL, Chief Circuit Judge and DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff-appellant, Mary R. Taylor, appeals from the district court's order denying an award of attorney's fees pursuant to 28 U.S.C. Sec. 2412(b) of the Equal Access to Justice Act (EAJA), and instead awarding attorney fees under Sec. 2412(d). Additionally, the plaintiff appeals from the district court's refusal to include within the amount awarded under subsection (d) attorney's fees for time spent on a reply brief filed in the plaintiff's action for fees and the court's failure to award fees at a rate of $125 per hour. Because the district court's conclusion that the Secretary did not act in bad faith was not clearly erroneous, we affirm the denial of an award of fees pursuant to subsection (b). We also find that the amount of fees awarded pursuant to subsection (d) was reasonable and, therefore, affirm that portion of the district court's order.
 
 I.
 
 2
 In May 1982, Mary Taylor applied for disability insurance benefits and Supplemental Security benefits (SSI) for herself and her children. Her claims were denied at the administrative levels and she appealed to the district court. The district court remanded the case, over Mrs. Taylor's objection, for the taking of further proof, including an examination by a vocational expert. On remand, the Administrative Law Judge (ALJ) found that Mrs. Taylor was entitled to benefits. Subsequently, the Appeals Council denied benefits. The case then came before the district court for a second time. The district court awarded benefits and the Secretary has not appealed from that determination.
 
 II.
 
 3
 This case involves the plaintiff's application for attorney's fees pursuant to 28 U.S.C. Sec. 2412(b) (Supp.1988) of the EAJA and in the alternative under 28 U.S.C. Sec. 2412(d) (Supp.1988) of the EAJA. Section 2412(b) provides:
 
 
 4
 (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
 
 
 5
 28 U.S.C. Sec. 2412(b) (emphasis added). This section has been interpreted as a codification of the bad faith exception to the American Rule--each party is responsible for his own attorney's fees unless the losing party acted in bad faith. Bergman v. United States, No. 87-1009, slip op. at 7 (6th Cir. April 18, 1988) (to be published at 844 F.2d 353). Because the district court did not find the requisite "bad faith," it declined to award attorneys' fees under subsection (b).
 
 
 6
 The district court did, however, award attorney's fees under Sec. 2412(d). Subsection d, in pertinent part, provides:
 
 
 7
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (2) For the purposes of this subsection--
 
 
 11
 (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)
 
 
 12
 28 U.S.C. Sec. 2412(d) (emphasis added).
 
 III.
 
 13
 This court's standard of review in an appeal from an order denying a request for attorneys' fees pursuant to Sec. 2412(b) was recently addressed in Bergman.
 
 
 14
 The bad faith exception to the general rule that each party bears its own costs allows attorneys' fees only "in certain exceptional cases." Shimman v. International Union of Operating Eng'rs Local 18, 744 F.2d 1226, 1229 (6th Cir.1984) (en banc), cert. denied, 469 U.S. 1215 (1985). Because an award of attorneys' fees is extraordinary and punitive, standards for bad faith for purposes of awarding attorneys' fees under the EAJA are stringent. Morley v. Brown, 650 F.Supp. 1468 (N.D.Ohio 1985). The bad faith inquiry turns on the party's subjective bad faith. Sterling Energy Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1435 (10th Cir.1984). A finding as to bad faith is a finding of fact, to be reviewed under the clearly erroneous standard. International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir.1983).
 
 
 15
 Bergman, slip op. at 8. Upon careful review of the record and the appellant's written and oral arguments, we conclude that the district court's finding that the Secretary did not act in bad faith was not clearly erroneous. We are convinced that the evidence of record fails to indicate that the Secretary deliberately acted in disregard of the established circuit law. See Barry v. Bowen, 825 F.2d 1324, 1334 (9th Cir.1987); Fincke v. Heckler, 596 F.Supp. 125, 128-29 (D.Nev.1984); Chee v. Schweiker, 563 F.Supp. 1362, 1365 (D.Ariz.1983). Therefore, we agree with the district court's determination that there was no showing of bad faith upon which a subsection (b) award could be founded.
 
 IV.
 
 16
 We turn now to the appellant's arguments regarding the amount of the subsection (d) award. The plaintiff first asserts that subsection (d) attorney's fees should have been awarded for work done on a reply brief in this action for fees. Initially, plaintiff filed an application for subsection (d) attorney's fees and the Secretary filed a brief in opposition. Then the plaintiff amended the petition for fees and requested an award pursuant to subsection (b). On April 24, 1987, the Secretary filed a brief in opposition to subsection (b) relief. Apparently, on May 4, 1987, the district court had prepared an order awarding subsection (d) relief but not subsection (b) relief. However, this decision was not filed until May 8, 1987. On May 6, 1987, plaintiff's counsel filed a reply brief in support of the petition for EAJA relief. Additionally, the reply brief requested an additional award for the seven hours of time spent preparing the reply brief. After the district court's decision was filed on May 8, 1987, the plaintiff filed a motion to amend that order to include the seven hours. The district court denied the request for fees for the additional seven hours.
 
 
 17
 The Third Circuit has held that subsection (d) relief may be granted for expenses incurred for filing the fee petition. Russell v. Heckler, 814 F.2d 148, 155 (3rd Cir.1987), petition for cert. filed, No. 87-251 (Aug. 13, 1987). Subsection (d) allows for recovery of "reasonable attorney fees." The reasonableness of requested attorney fees is a determination of fact. Therefore, this court will not upset the amount of a fee award unless the district court's determination that the amount was reasonable is clearly erroneous. Fed.R.Civ.P. 52(a). We believe the record clearly establishes that the district court's award was well within the range of "reasonable," and therefore, it will stand.
 
 
 18
 Likewise, we reject plaintiff's assertion that fees should have been awarded at a rate of $125 per hour. The rate of $75 per hour is the statutory ceiling "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys in the proceedings involved, justify the higher fee." 28 U.S.C. Sec. 2412(d)(2)(A)(ii). No such special circumstances have been shown to exist in this case. Therefore, the district court's determination that the rate of $75 per hour is reasonable is not clearly erroneous.
 
 V.
 
 19
 For the above reasons, we AFFIRM the district court's order denying an award of fees pursuant to Sec. 2412(b) and AFFIRM the amount of that court's award under Sec. 2412(d).