849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward COLLINS, Jr., Son of Mary Hardy, deceased,
Plaintiff-Appellant, Cross- Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee,
Cross-Appellant.
 Nos. 87-5914, 87-6003.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1988.
 
 Before ENGEL, Chief Circuit Judge, and DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff appeals and the Secretary cross-appeals from the district court's order awarding attorney fees pursuant to 28 U.S.C. Sec. 2412(d) of the Equal Access to Justice Act (EAJA), and denying an award of attorney fees under Sec. 2412(b). Because we believe that the district court's finding that the Secretary did not act in bad faith was not clearly erroneous, we affirm the order denying a fee award pursuant to subsection (b). The subsection (d) award will be addressed, in a separate opinion, after the en banc rehearing of Riddle v. Secretary, 817 F.2d 1238, vacated and reh'g granted, 823 F.2d 164 (6th Cir.1987).
 
 I.
 
 2
 On March 16, 1981, Mary Hardy filed applications for disability insurance benefits and supplemental security income alleging a disability onset date of November 30, 1978. Her claims were denied at the administrative levels and she appealed to the district court. The district court remanded the case, over the claimant's objection, for further findings of fact regarding jobs which the claimant could perform exertionally and educationally. On remand, the ALJ determined that the claimant was under a disability which began on November 30, 1978, and was therefore entitled to benefits. The Appeals Council concurred that the claimant was disabled but found that the record only contained evidence of a disability onset date of July 3, 1980. Since the claimant had not become disabled prior to the expiration of her insured status on December 31, 1979, the Appeals Council found that she was not entitled to disability insurance benefits. However, the Appeals Council found that the claimant was entitled to supplemental security income. On appeal, the district court found that the Appeals Council's determination that the disability onset date was July 3, 1980, was not supported by substantial evidence. The court found that the onset date was November 30, 1978, and remanded the case for an award of benefits.
 
 II.
 
 3
 Thereafter, in September of 1985, the plaintiff[1] filed for attorneys' fees pursuant to 28 U.S.C. Sec. 2412(b) and (d) of the EAJA. Section 2412(b) provides:
 
 
 4
 (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
 
 
 5
 28 U.S.C. Sec. 2412(b) (Supp.1988) (emphasis added). This section has been interpreted as a codification of the bad faith exception to the American Rule, which provides that each party is responsible for its own attorneys' fees unless the losing party acted in bad faith. Bergman v. United States, No. 87-1009, slip op. at 7 (6th Cir. April 18, 1988) (to be published at 844 F.2d 353). Because the district court did not find the requisite "bad faith," it declined to award attorneys' fees under this section.
 
 
 6
 The district court did, however, award attorneys' fees under Sec. 2412(d). Section 2412(d), in pertinent part, provides:
 
 
 7
 (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (2) For the purposes of this subsection--
 
 
 11
 (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)
 
 
 12
 28 U.S.C. Sec. 2412(d) (Supp.1988) (emphasis added).
 
 III.
 
 13
 This court's standard of review in an appeal from an order denying a request for attorneys' fees pursuant to Sec. 2412(b) was recently addressed in Bergman.
 
 
 14
 The bad faith exception to the general rule that each party bears its own costs allows attorneys' fees only "in certain exceptional cases." Shimman v. International Union of Operating Eng'rs Local 18, 744 F.2d 1226, 1229 (6th Cir.1984) (en banc), cert. denied, 469 U.S. 1215 (1985). Because an award of attorneys' fees is extraordinary and punitive, standards for bad faith for purposes of awarding attorneys' fees under the EAJA are stringent. Morley v. Brown, 650 F.Supp. 1468 (N.D.Ohio 1985). The bad faith inquiry turns on the party's subjective bad faith. Sterling Energy Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1435 (10th Cir.1984). A finding as to bad faith is a finding of fact, to be reviewed under the clearly erroneous standard. International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir.1983).
 
 
 15
 Bergman, slip op. at 8.
 
 
 16
 The cases in point indicate that deliberate disregard of established circuit law is necessary to establish bad faith under a nonacquiescence theory. In Barry v. Bowen, 825 F.2d 1324 (9th Cir.1987), the Ninth Circuit indicated that "for a plaintiff to meet the burden of proving bad faith more than unreasonableness must be shown." "Reprehensible," "vexatious," "wanton," or "oppressive" conduct or disregard of judicial process, according to the Ninth Circuit, would suffice. Id. at 1330. In Chee v. Schwieker, 563 F.Supp. 1362 (D.Ariz.1983), the court found that the Secretary's action in disregard of clear expressed language of a contrary court ruling in the same circuit pursuant to an expressed policy of nonacquiescence, constituted bad faith. Id. at 1365. It was clear in Chee that the Secretary was consciously disregarding the law of the applicable circuit. And, in Fincke v. Heckler, 596 F.Supp. 125 (D.Nev.1984), the court was also faced with knowing and deliberate refusal to follow the applicable circuit law. The Secretary had issued contrary agency rulings in reaction to opinions with which she disagreed. The court found that that "attitude" amounted to bad faith. Id. at 129.
 
 
 17
 After reviewing the record and the appellant's arguments, we are satisfied that the district court's finding that the Secretary did not act in bad faith was not clearly erroneous. The evidence of record fails to indicate that the Secretary deliberately acted in disregard of the established circuit law. Therefore, we affirm the district court's denial of an award pursuant to subsection (b).
 
 IV.
 
 18
 Lastly, we defer our review of the award of fees under subsection (d), supra, until this court has issued its decision in Riddle v. Secretary, 817 F.2d 1238, vacated and reh'g granted, 823 F.2d 164 (6th Cir.1987). This court will sit en banc in the Riddle case to decide the meaning of "substantially justified" for Sec. 2412(d) purposes in this circuit. Since that decision bears directly on our determination of the propriety of the subsection (d) award, we will address that award in a subsequent opinion.
 
 V.
 
 19
 Accordingly, the district court's denial of an award of attorneys' fees pursuant to 28 U.S.C. Sec. 2412(b) is AFFIRMED and review of the propriety of the award pursuant to 28 U.S.C. Sec. 2412(d) is POSTPONED pending this circuit's decision in Riddle.
 
 
 
 [1]
 The claimant, Mary L. Hardy, is now deceased. Thereafter, her husband was substituted as plaintiff. After her husband's death, Mary Hardy's son, Edward Collins, was substituted as the plaintiff