**Ben CHEE, Plaintiff,**

**v.**

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. CIV 82–693 PCT–VAC.**

United States District Court, D. Arizona.

June 7, 1983.

DNA-People's Legal Services, Inc., Shiprock, N.M., DNA-People's Legal Services, Inc., Daniel Hester, Chinle, Ariz., for plaintiff.

A. Melvin McDonald, U.S. Atty., John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## AMENDED OPINION AND ORDER

CORDOVA, District Judge.

On February 23, 1982 a final decision of the Secretary (defendant) was made terminating plaintiff's S.S.I. disability benefits. Plaintiff brought this action to have that decision reversed.

In keeping with the ruling in *Finnegan v. Matthews,* 641 F.2d 1340 (9th Cir.1981), plaintiff's undisputed status as a "grandfatheree" under 42 U.S.C. § 1382c(a)(3)(E) required that the Secretary show a material improvement in plaintiff's medical condition or clear error in the prior state determination of disability before terminating plaintiff's benefits. Here the Secretary adduced no evidence of either. Accordingly, the court granted summary judgment in favor of the plaintiff, judgment being entered on December 15, 1982.

Plaintiff now seeks attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. He argues that he is entitled to attorney's fees under both § 2412(b) and § 2412(d)(1)(A).

*28 U.S.C. § 2412(d)(1)(A).*

This section provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

There can be and is no dispute that plaintiff was the prevailing party in this non-tort

action against the United States. However, the Secretary does argue that an award of attorney's fees is improper here because plaintiff was represented by DNA-People's Legal Services, Inc. at no charge, thus plaintiff "incurred" no fees as required by this section. The Secretary also argues that his position was substantially justified, making an award of fees inappropriate.

■ Neither the parties nor the court have discovered any circuit court decisions on the effect of the "fees incurred" language in this section when a party is represented without cost. There have been conflicting district court decisions on the issue. This court agrees with the reasoning of Judge Wiseman in *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D.Tenn.1982), wherein it was found that the "incurred" language does not bar an award of attorney's fees even though plaintiff was represented without cost.

The terms "fees" and "incurred" indeed connote an obligation to pay. Without an obligation to pay there is no fee in the ordinary sense of the word. Similarly, without an obligation, nothing has been incurred. Absent a clear indication Congress intended otherwise, the court will not deviate from the usual meaning of the words in a statute. However, in this case there is such a clear indication that Congress did not intend "fees incurred" to have the usual meaning.

In the House Report on this statute the following passage appears:

> In general, consistent with the above limitations, the computation of attorney's fees should be based on prevailing market rates *without reference to the fee arrangement between the attorney and client.* The fact that attorneys may be providing services at salaries or hourly rates below the standard commercial rates which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act [emphasis added].

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15 *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4994. This court can only conclude, along with Judge Wiseman in *Hornal, supra,* that the above quoted passage reveals Congress did not intend to limit an award under this section to amounts actually owed, i.e., "incurred" does not have its ordinary meaning. The court finds no reason to distinguish between a fee arrangement calling for less than the prevailing market rate and a *pro bono* arrangement. In both situations a fee award based on market rate can be made.

■ The Secretary also argues that his position was substantially justified, therefore an award of attorney's fees should not be made. Substantially justified has been defined to mean that there is a reasonable basis in fact or law for the position taken by the United States. *National Resources Defense Council v. E.P.A.,* 703 F.2d 700 (3rd Cir.1983); *Gava v. U.S.,* 699 F.2d 1367 (Fed. Cir.1983).

Plaintiff's status as a "grandfatheree" under 42 U.S.C. § 1382c(a)(3)(E) was never disputed by the Secretary. In *Finnegan, supra,* it was clearly held that a grandfatheree was not to be subjected to the standards of an initial determination for eligibility. Grandfatheree's are automatically eligible and benefits cannot be terminated "absent proof of a material improvement in his medical condition or of the commission of a clear and specific error during the prior state determination." 641 F.2d at 1347. The Secretary did not rely on any finding of improvement or error to terminate plaintiff's benefits. Instead, the record shows that plaintiff was subjected to a "conversion review" process which was virtually identical to an initial determination.

■ In its opposition to plaintiff's motion for summary judgment, the government said:

> Clearly, the Secretary need not demonstrate "improvement" where, as here, the claimant has failed to make the requisite initial showing of continuing disability. It is submitted that neither *Finnegan* nor any other relevant precedent dictates that the Secretary must make a finding of improvement in the absence of any

showing by plantiff [sic] of continuing disability. [Opposition Memo., p. 9]

The court finds that this position is manifestly contrary to the clear and express language of *Finnegan* and does not provide a reasonable basis for the Secretary's actions. It is also obvious that the Secretary knew this was not a reasonable interpretation of *Finnegan.*

In SSR 82–10c, the Social Security Administration (SSA) announced its non acquiescence in the *Finnegan* decision, wherein the SSA recognized that *Finnegan* did indeed require proof of improvement or error before terminating a grandfatheree's benefits. The Secretary, however, did not agree with *Finnegan,* saying "SSA *holds* that the standard in 20 CFR 416.994(e), and not the one set forth by the court [in *Finnegan*], should apply in determining whether the disability of a title XVI grandfatheree has ceased."

In response to plaintiff's motion for attorney's fees, the Secretary now argues that his position was substantially justified because statements of non acquiescence have long been found to be an acceptable administrative response to adverse court rulings. The many years of I.R.S. use of the tactic are cited. The Secretary argues that this non acquiescence procedure, therefore, allows him to freely disregard the law of the circuit in which a case arises. Such an argument ignores the ordinary effect of an agency's non acquiescence, to wit, that the agency adheres to a court ruling in the circuit of its origin, but disregards it in other circuits. *Frock v. U.S.R.R. Retirement Bd.,* 685 F.2d 1041, 1046 n. 9 (7th Cir.1982). Had this case arisen in some circuit other than the Ninth, the Secretary's decision not to follow the Ninth Circuit case of *Finnegan* would have been less objectionable.

The court finds that the Secretary was not substantially justified in ignoring *Finnegan.* The record is clear that *Finnegan* applied to this plaintiff, that the Secretary knew it applied, but that conscious and willful decision was made to disregard it. Under these circumstances, the Secretary's position falls far short of being substantially justified and was in fact a position taken in bad faith.

Therefore, the court finds that plaintiff is entitled to an award of attorney's fees under § 2412(d)(1)(A).

*28 U.S.C. § 2412(b)*

This section provides that unless expressly prohibited by statute, the United States is liable for attorney's fees to the same extent as any other party at common law. Section 2412(c)(2) recognizes that governmental bad faith can be the basis for an award of attorney's fees under this section. As discussed in the preceding section, the court finds that the United States did act in bad faith when it terminated plaintiff's S.S.I. benefits. Accordingly, the court finds that plaintiff is entitled to attorney's fees under this section as well as under § 2412(d)(1)(A).

As pointed out by the court in *Dogherra v. Safeway Stores,* 679 F.2d 1293, 1298 (9th Cir.1982), an award of attorney's fees premised on bad faith is punitive in nature. Given that the essential purpose is to punish the wrongdoer rather than compensate the victim, the court deems it irrelevant that plaintiff here was represented without charge.

*Amount of the Award*

By affidavit, plaintiff's counsel claims he spent 58.5 hours prosecuting this action including the motion for attorney's fees. Plaintiff requests a rate of $50 per hour. Also by affidavit, it is shown that $50 per hour is a reasonable rate in plaintiff's local area for the type of legal services rendered in this case. Defendant offers no objection to the amount of time or the rate charged.

Taking into account the twelve factors to be considered in determining a reasonable fee as enumerated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 90 (9th Cir.1975), and the entire record, the court finds that plaintiff's requested amount of attorney's fees of $2925.00 is reasonable under the circumstances of this case.

Defendant does object to plaintiff's requested $324.00 in expenses. The court agrees with defendant. The costs itemized by plaintiff do not appear to be the type ordinarily included as taxable expenses of litigation, and are hereby disallowed.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees is granted in the amount of $2925.00.