**Jose F. MARTINEZ, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.**

**No. 85–1111.**

United States Court of Appeals, Tenth Circuit.

April 13, 1987.

McKay, J., filed a dissenting statement.

Adele Graham of Graham & Graham, San Luis, Colo., for plaintiff-appellant.

Robert N. Miller, U.S. Atty., and Robert Gay Guthrie, Asst. U.S. Atty., Denver, Colo. (Ronald S. Luedemann, Regional Atty., Thomas A. Nelson, Jr., Deputy Regional Atty., and Mary Lee Bartman, Asst. Regional Atty., Dept. of Health and Human Services, Denver, Colo., of Counsel), for defendant-appellee.

Before BARRETT, McKAY, and LOGAN, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

The issue in this case is whether the plaintiff is entitled to attorney's fees and expenses as a prevailing party under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. For the reasons that follow, we affirm the district court's judgment.

I

Plaintiff was injured in a work accident in 1978. Sometime thereafter, he began receiving disability benefits under the Social Security Act. A continuing disability investigation led to the cessation of plaintiff's disability benefits in 1981. The termination of benefits was upheld after a hearing before an Administrative Law Judge. Plaintiff's request for review of the hearing decision was denied by the Appeals

Council in mid–1983. Thus, the termination order became the final decision of the Secretary of Health and Human Services at the time the request for review was denied. Plaintiff sought judicial review of the Secretary's decision.

Plaintiff argued in district court that there was not substantial evidence in the administrative record to support the agency's decision. Plaintiff first raised the issue of the proper standard for cessation of disability benefits in a motion for summary judgment. In that motion, plaintiff argued that termination of disability benefits requires evidence that the claimant's medical condition has improved. The district court denied plaintiff's motion for summary judgment, holding that summary judgment was improper in an agency review case. The Secretary filed a motion to affirm the administrative decision. The Secretary asserted that the medical improvement test was not applicable, and that the claimant had the burden to prove that he or she was still disabled, which plaintiff had not proven.

On August 10, 1984, this court held that Social Security disability benefits cannot be discontinued without a finding that the claimant's condition has improved and that failure to apply the correct legal standard is, by itself, sufficient to command reversal of a termination case. *Byron v. Heckler*, 742 F.2d 1232 (10th Cir.1984). Based on *Byron*, the district court, on October 5, 1984, sua sponte reversed plaintiff's termination and directed the Secretary to reinstate plaintiff's benefits.

As the prevailing party below, plaintiff applied for attorney's fees and expenses under 28 U.S.C. §§ 2412(b) and (d)(1)(A), arguing that the agency's position, both in the decision to terminate plaintiff's benefits and in the civil action, was not substantially justified and was taken in bad faith. Plaintiff argued that in this court's decision in *Van Natter v. Secretary of Health, Education and Welfare*, No. 79–1439 (10th Cir. January 8, 1981) (unpublished), we adopted the medical improvement standard in this court and thereby made defendant's position both at the administrative level

and in this litigation "substantially unjustified." The Secretary responded to the motion by arguing that the medical improvement standard had not yet been adopted by the agency or in this circuit at the time of the termination decision or at the time this action was brought.

The Secretary argued that the medical improvement standard was not adopted in this circuit until *Byron* was published in 1984—the decision which, of course, led to the district court's reversal of the Secretary's decision in this case. The Secretary cited *Trujillo v. Heckler*, 582 F.Supp. 701 (D.Colo.1984) (*Trujillo II*) to support her conclusion that there was a reasonable basis in law for her position on the proper standard of review of termination cases in this circuit. In *Trujillo II* the district court ruled that EAJA fees were not appropriate for the Secretary's relitigation in this circuit of the medical improvement standard, even after the *Van Natter* decision. *Trujillo II* was decided before the *Byron* decision was issued. Apparently, *Trujillo II* was not appealed. The Secretary concluded that, because *Byron* had not been decided at the time of the initial administrative decision or the court action, there was no basis for attorney's fees under §§ 2412(b) or (d)(1)(A). The district court agreed with the Secretary and denied plaintiff's motion for attorney's fees and expenses.

## II

It is clear that the EAJA applies in Social Security cases. *Fulton v. Heckler*, 784 F.2d 348, (10th Cir.1986). The two provisions in the EAJA that plaintiff cites allow fees under different theories. Section § 2412(d)(1)(A) was an experimental portion of the Act that was automatically repealed on October 1, 1984, but which still applies through final disposition of any action commenced before October 1, 1984. Pub.L. No. 96–481–204(c), 94 Stat. 2321, 2329 (1980). Section 2412(b), on the other hand, codifies, among others, the exception to the "American Rule" allowing recovery of attorney's fees when a losing party has "acted in bad faith, vexatiously, wantonly, or

for oppressive reasons." *See United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir.), *cert. denied,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984). If a party satisfies either of these provisions, he or she is entitled to attorney's fees and expenses. For reasons that will appear, we believe that the district court correctly rejected plaintiff's claim for attorney's fees and expenses under both § 2412(d)(1)(A) and § 2412(b).

■ We agree with the district court's conclusion that the Secretary's position at trial was substantially justified. Martinez filed this action in district court on July 15, 1983. R. I, 1. As the district court noted, at that time several circuits had adopted the medical improvement standard. *Martinez v. Heckler,* No. 83-M-1269, slip op. at 2 (D.Colo. Dec. 28, 1984) (citing *Cassiday v. Schweiker,* 663 F.2d 745 (7th Cir.1981); *Finnegan v. Matthews,* 641 F.2d 1340 (9th Cir.1981); *Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996 (1st Cir.1975)).

The state of the law in our circuit, however, was less certain. On January 8, 1981, in an unpublished decision, we strongly intimated that we too would follow the medical improvement standard. *Van Natter v. Secretary of Health, Education and Welfare,* No. 79-1439 (10th Cir. Jan. 8, 1981). But that decision was subject to varying interpretations by district courts within our circuit. For example, as the district court here noted, "six months before this civil action was filed, this court, in *McIntosh v. Schweiker,* No. 82-M-1189 (D.Colo. Jan. 19, 1983), failed to adopt an improvement standard and held that the decision of the Secretary should be upheld if supported by substantial evidence." *Martinez,* No. 83-M-1269, slip op. at 2-3 (D.Colo. Dec. 28, 1984). To the same effect is *Hill v. Heckler,* 592 F.Supp. 1198, 1211-12 (W.D.Okla. 1984). To add to the confusion, however, on August 16, 1983, another judge in the

district of Colorado held that our decision in *Van Natter* represented an "unequivocal" adoption of the medical improvement standard. *Trujillo v. Heckler,* 569 F.Supp. 631, 634 (D.Colo.1983) (Trujillo I).[1]

"For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation." *Spencer v. NLRB,* 712 F.2d 539, 559 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified. *See Washington v. Heckler,* 756 F.2d 959, 961-62 (3d Cir.1985). In light of the contrary district court interpretations of *Van Natter,* we hold that the Secretary had substantial reason to press its view of the proper standard on the district court. We recognize that in *Byron v. Heckler* we stated that we had "adopted" the medical improvement standard in *Van Natter.* 742 F.2d at 1236. But prior to *Byron,* the import of *Van Natter* was far from clear.

### III

■ Plaintiff also contends that he is entitled to attorney's fees under § 2412(b) because the government acted in bad faith. Plaintiff relies primarily on *Chee v. Schweiker,* 563 F.Supp. 1362 (D.Ariz.1983), in which the district court granted attorney's fees in light of the Social Security Administration's decision not to acquiesce to a decision of the Ninth Circuit. *Id.* at 1365. The court in *Chee* indicated that had this case arisen in a circuit that had not adopted the medical improvement standard, "the Secretary's decision not to follow the Ninth Circuit case ... would have been less objectionable." *Id.* But because the controlling law in that circuit was clear, the

---

1. In a subsequent related decision, the district court in *Trujillo II* denied the prevailing plaintiff's request for attorney fees, finding that the government's position was substantially justified. *Trujillo v. Heckler,* 582 F.Supp. 701, 705-06 (D.Colo.1984). That the same court could

find that we had unequivocally adopted the medical improvement standard and yet conclude that a challenge to this standard was justified, further demonstrates that this issue was not entirely settled within this circuit.

court found the Secretary's position was taken in bad faith. As discussed above, however, although we now have adopted the medical improvement standard, it was not clear that we had done so at the time this litigation commenced. Thus the situation we face here is different from that in *Chee*. Finding no other evidence of bad faith, we agree with the district court that attorney's fees should not be granted under § 2412(b).

AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.

McKAY Circuit Judge, dissents because he believes that the government's position was not substantially justified in this case.