UNITED STATES COURT OF APPEALS
**Filed 1/2/97**
FOR THE TENTH CIRCUIT

LOUIS SMITH,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5109
(D.C. No. 93-C-1057-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. Civ. P. 25(d)(1), Shirley S. Chater, Commissioner of Social Security, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although the caption reflects this substitution, in the text we continue to refer to the Secretary, because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the magistrate judge[1] denying his application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The magistrate judge found that although plaintiff had obtained a reversal and remand on his underlying social security disability claim, the Secretary's position had nevertheless been substantially justified. We review that determination solely for an abuse of discretion, see Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.), cert. denied, 116 S. Ct. 49 (1995), and affirm for substantially the reasons expressed by the magistrate judge.

On the merits of plaintiff's claim for benefits, the magistrate judge reversed a determination of nondisability and remanded for reconsideration of a belatedly asserted and factually underdeveloped psychological impairment, primarily on the basis of new evidence submitted below. The magistrate judge then denied plaintiff's ensuing EAJA application because, aside from what the new evidence might show, the record supported the Secretary's determination.

_____

[1]      Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge. Accordingly, our jurisdiction arises under § 636(c)(3) and 28 U.S.C. § 1291.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." Id. The magistrate judge noted that VA records pertinent to plaintiff's claim of psychological impairment had been under seal and unavailable even to plaintiff during the administrative proceedings. In the magistrate judge's view, the fact that plaintiff finally secured some of these records and, on the basis of their contents, successfully argued for additional administrative proceedings, did not reflect any unreasonableness on the part of the Secretary. In this regard, we cannot say the magistrate judge "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994)(defining abuse of discretion)(quotation omitted).

Plaintiff argues that the Secretary was unjustified in failing to take affirmative steps to assist him in unsealing his VA records. However, he never requested such assistance during the administrative proceedings in this case. Cf. 20 C.F.R. § 404.950(d)(2)(party seeking issuance of subpoena must file timely written request, specifying names, location, and materiality of documents sought and explaining need for subpoena). Indeed, plaintiff's testimony before the administrative law judge (ALJ) indicated only that his VA records had been under seal "at one time," that he already possessed some of them, and that he was then in the process of obtaining the rest. See R. II at 49. Furthermore, plaintiff does

not cite any precedent extending the Secretary's ordinary duty to develop the record to include the novel obligation involved here.[2]  Thus, while we agree with the magistrate judge that, on remand, the ALJ should issue a protective order if such assurance would facilitate the release of any additional VA records currently withheld, we do not consider the prior absence of such an order indicative of unjustified conduct.  See Martinez v. Secretary of Health & Human Servs., 815 F.2d 1381, 1383 (10th Cir. 1987)("[I]f the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified.").

Accordingly, the judgment of the magistrate judge, entered in the United States District Court for the Northern District of Oklahoma, is AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2]    Indeed, the chief authority plaintiff relies on states that "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996)(emphasis added).