**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHELLE K. FRUITT,

  Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Social Security Administration
Commissioner,

  Defendant-Appellee.

No. 09-6027

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:07-CV-01167-R)**

---

Submitted on the briefs:[*]

Mark E. Buchner, Tulsa, Oklahoma, for Plaintiff-Appellant.

John C. Richter, United States Attorney, Michael McGaughran, Regional Chief
Counsel, Region VI, James D. Sides, Special Assistant United States Attorney,
Office of the General Counsel, Social Security Administration, Dallas, Texas, for
Defendant-Appellee.

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

**McKAY**, Circuit Judge.

After the district court reversed and remanded the Commissioner's decision denying her social-security benefits, Michelle K. Fruitt filed a motion for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court awarded the requested attorneys' fees, but not the requested filing-fee cost. The cost denial was based on a determination that, though Ms. Fruitt's filing complied with the thirty-day EAJA deadline for an attorneys'-fees application, *see id.* § 2412(d)(1)(B), it did not meet the fourteen-day deadline for a bill of costs under the Local Rules for the United States District Court, Western District of Oklahoma, *see* W.D. Okla. L.R. 54.1.

The judges of the Western District of Oklahoma have reached differing answers on the question of whether Local Civil Rule 54.1 applies to an EAJA request for costs. We review this narrow issue de novo and determine that the local rule does not establish a time limit for an EAJA cost request. We therefore reverse and remand the case for further proceedings.

I.

Ms. Fruitt's cost request is governed by inter-related rules of civil procedure and federal statutes. Federal Rule of Civil Procedure 54(d)(1) provides that "costs against the United States, its officers, and its agencies may be imposed

-2-

only to the extent allowed by law." For purposes of Ms. Fruitt's case, the statute

authorizing an award of costs against the government is EAJA, which states "a

judgment for costs, as enumerated in [28 U.S.C.] § 1920, but not including the

fees and expenses of attorneys, may be awarded to the prevailing party in any

civil action brought by or against . . . any agency or any official of the United

States acting in his or her official capacity in any court having jurisdiction of

such action." 28 U.S.C. § 2412(a)(1). The cross-referenced statute, § 1920,

simply lists taxable costs, including the filing-fee amount requested by

Ms. Fruitt.[1]

---

[1]     28 U.S.C. § 1920 states:

A judge or clerk of any court of the United States may tax as costs
the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily
obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any
materials where the copies are necessarily obtained for use in the
case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

(continued...)

No federal provision imposes a time limit for a prevailing party seeking costs under EAJA.[2] The district court, however, looked to Local Civil Rule 54.1 to establish a deadline. That rule provides:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief. The bill of costs and brief shall be filed not more than 14 days after entry of judgment.

*Id.* Applying the local rule, the assigned magistrate judge issued a report and recommendation concluding that Ms. Fruitt's cost request, made in a combined motion for attorneys' fees and costs, was untimely because it was not filed within fourteen days of entry of judgment. The district court adopted the report and recommendation in its entirety and consequently denied the costs portion of Ms. Fruitt's request.

## II.

Ms. Fruitt argues on appeal, as she did in the district court, that Local Civil Rule 54.1 does not apply to an EAJA request. She asserts "that she did not file her motion for attorney's fees and costs 'pursuant to 28 U.S.C. § 1920,' but

<hr>

[1](...continued)
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2]     EAJA does set a time limit for an attorneys' fee request: a party seeking an award of fees must file an application within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Ms. Fruitt filed her combined motion for costs and attorneys' fees within the thirty-day period after judgment.

timely brought that motion pursuant to the EAJA, which uses § 1920 only as a reference for the types of costs which may be taxed against the unsuccessful party." Aplt. Br. at 3 (quoting Local Rule 54.1). Ms. Fruitt also points out that at least one other district judge in the Western District of Oklahoma has agreed with her position. *See Belveal v. Astrue*, No. CIV-07-731-C, 2009 WL 141879, at *1 (W.D. Okla. Jan. 20, 2009).

To the extent that the district court's order involves statutory construction, we review it de novo. *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009). We generally accord "[c]onsiderable deference" to a district court's "interpretation and application of [its] own rules of practice and procedure." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980). That directive, however, has little force when other judges in the same district construe the rule differently. In any event, "[w]here . . . we are convinced that the district court has misconstrued its own rules, reversal may be warranted." *Id.* (quotation omitted). We therefore conduct a de novo analysis of Local Rule 54.1, applying ordinary principles of statutory interpretation.

As usual, we "look[] initially to the plain language" of the provision at issue. *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 765 (10th Cir. 2010). "If the words of the statute have a plain and ordinary meaning, we apply the text as written. We may consult a dictionary to determine the plain meaning of a term." *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1381 (10th Cir.

2009) (citation omitted).  "We also take into account the broader context of the [provision] as a whole."  *Id.* (quotations omitted).

The local rule pertains to a request from a party who "seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920."  W.D. Okla. L.R. 54.1.  The phrase to be interpreted is "*pursuant to*" § 1920.  An on-point definition is that "pursuant to" means "[a]s authorized by; under," as used in "pursuant to Rule 56, the plaintiff moves for summary judgment."  *Black's Law Dictionary* 1356 (9th ed. 2009).[3]

Further, the "overall structure" of the provision can supply a "substantial clue" to the interpretation of a statutory term.  *Conrad*, 585 F.3d at 1382, 1383.  And the relevant framework dovetails with the above *Black's Law Dictionary* definition. "[C]osts should ordinarily be awarded to prevailing parties."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1171 (10th Cir. 2009).  But costs may not be assessed against a federal agency unless the award is otherwise authorized by law.  Fed. R. Civ. P. 54(d)(1).  It is EAJA that provides the necessary authorization.  28 U.S.C. § 2412(a)(1).  Thus, consulting with the dictionary and evaluating the statutory scheme leads to the conclusion that Local Rule 54.1 does not encompass Ms. Fruitt's cost request:  Ms. Fruitt sought costs

---

[3]    *Black's Law Dictionary* also defines "pursuant to" as "[i]n compliance with, in accordance with; under" and "[i]n carrying out."  *Id.* at 1356.

"pursuant to" or "authorized by" the specific EAJA provision, not the general § 1920 listing.

III.

In sum, a contextual interpretation of the Western District of Oklahoma's Local Rule 54.1 discloses that the rule does not apply to a cost request made pursuant to EAJA. As a result, prevailing litigants in that district have no filing deadline applicable to their EAJA cost requests. We note, however, other district courts in this circuit have drafted and promulgated analogous rules that are not limited to parties "seek[ing] to recover costs against an unsuccessful party *pursuant to 28 U.S.C. § 1920.*" W.D. Okla. L.R. 54.1 (emphasis added). For instance, in Kansas a "party *entitled to recover costs* must file a bill of costs . . . within 30 days" of specified events. D. Kan. L.R. 54.1(a) (emphasis added). Colorado's approach is to require a "party or parties . . . entitled to costs" to file a bill of costs "within 14 days after entry of the judgment or final order." D. Colo. L.R. 54.1. By their terms, the local rules of these district courts may be applied to EAJA cost requests.[4] Additionally, a district court may specifically order that a prevailing party may be awarded costs by filing a bill of costs within a specified number of days. *E.g., Quinlisk v. Astrue*, No. 08-cv-02694-PAB, 2010 WL 148279, at *4 (D. Colo. Jan. 7, 2010).

---

[4] A district court may amend its local rules "acting by a majority of its district judges." Fed. R. Civ. P. 83(a).

For the foregoing reasons, we REVERSE and REMAND the matter to the district court for consideration of Ms. Fruitt's cost request under EAJA, 28 U.S.C. § 2412(a)(1).