**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHELLE K. FRUITT,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 10-6222
(D.C. No. 5:07-CV-01167-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.


Michelle K. Fruitt appeals the denial of her application for attorney's fees

under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Ms. Fruitt

claims she is entitled to $5,210.80 in fees because the Commissioner's opposition

to her previous EAJA motion was not substantially justified. We have

jurisdiction under 28 U.S.C. § 1291 and affirm. We conclude the Commissioner's

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

position in the earlier EAJA proceedings was substantially justified, and thus the district court did not abuse its discretion in denying Ms. Fruitt's application.

I

This is the second time these parties have litigated the EAJA before us. The first round was an appeal from the district court's decision that Ms. Fruitt could recover attorney fees but not $350.00 in costs incurred while contesting the Commissioner's denial of benefits. *See Fruitt v. Astrue*, 604 F.3d 1217, 1218 (10th Cir. 2010) (*Fruitt I*). Accepting a magistrate judge's report and recommendation, the district court had reasoned that Ms. Fruitt failed to file a timely bill of costs within 14 days after entry of judgment, as required by the court's local civil rule 54.1.[1] But recognizing a split in the way judges of the Western District of Oklahoma applied local rule 54.1, we reversed and held the rule was inapplicable. *Id.* at 1220. Although the Commissioner had argued that the 14-day deadline applied because Ms. Fruitt's motion was made "pursuant to" 28 U.S.C. § 1920, as stated by the rule, *see* Aplt. App. at 30-32, we explained that Ms. Fruitt did not file her request "pursuant to" § 1920 because that statute

---

[1]     Local rule 54.1 provides:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief. The bill of costs and brief shall be filed not more than 14 days after entry of judgment.

-2-

simply enumerates the types of expenses that are classified as "costs," *Fruitt I*,

604 F.3d at 1219-20.[2]  Instead, Ms. Fruitt applied for costs "pursuant to"

§ 2412(a)(1) of the EAJA because the EAJA provides the statutory authorization

for the recovery of costs.[3]  *Id.* at 1220.  And since that provision does not

establish a time limit for cost requests, *see id.* at 1219 & n.2, we concluded there

was no applicable deadline, *id.* at 1220.

---

[2]    28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[3]    28 U.S.C. § 2412(a)(1) states, in relevant part:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

Having prevailed on appeal, Ms. Fruitt returned to the district court and filed a second application for fees under the EAJA. This time she requested an award of $5,210.80 for successfully prosecuting her cost appeal. She claimed the fee amount was reasonable and the Commissioner had not been substantially justified in opposing her cost request. In response, the Commissioner acknowledged his position had been wrong. But he underscored the split among the judges in the Western District of Oklahoma and pointed out that prior to our reversal, the general practice in that jurisdiction had been to require, under local rule 54.1, a timely bill of costs within 14 days of judgment. Additionally, the Commissioner argued that an award would be unjust because Ms. Fruitt's fees greatly exceeded the costs she recovered, and her request was excessive because she expended $5,210.80 to obtain $350.00 in costs. The district court agreed and denied Ms. Fruitt's application. Ms. Fruitt moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but the court denied her motion. She then initiated this appeal.

## II

We review the denial of both an EAJA claim and a Rule 59(e) motion for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 558-59 (1988) (EAJA claim); *Lundahl v. Zimmer*, 296 F.3d 936, 940 (10th Cir. 2002) (Rule 59(e) motion). Under the EAJA, Ms. Fruitt, as the prevailing party, is entitled to reasonable attorney fees from the government "'unless the court finds that the

-4-

position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation omitted). This means that although "the government's position must be justified to a degree that could satisfy a reasonable person," it need not be correct. *Id.* (quotation omitted).

We conclude the Commissioner's position in *Fruitt I* was substantially justified. The Commissioner ultimately was proven to be incorrect, but reasonable minds clearly subscribed to his view of the interrelated rules and statutes. Indeed, both the magistrate and district judges in the proceedings underlying *Fruitt I* embraced the Commissioner's position, and Ms. Fruitt herself acknowledges that the district court's "longstanding practice" misapplied local rule 54.1, Aplt. Br. at 12. Although she correctly argued in *Fruitt I* that not all the judges in the Western District of Oklahoma adopted the Commissioner's approach, *see* Aplt. App. at 7; *Fruitt I*, 604 F.3d at 1219 (citing *Belveal v. Astrue*, No. CIV-07-731-C, 2009 WL 141879, at *1 (W.D. Okla. Jan. 20, 2009)), that lack of clarity in the governing law increased the likelihood that the Commissioner's position was substantially justified, *see Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (per curiam). So, whether the Commissioner was advocating a position consistent with the district court's

-5-

longstanding practice, or one side of an intra-district split, either way, his position was justified to a degree that could—and did—satisfy reasonable people.

Still, Ms. Fruitt insists the Commissioner's position cannot be substantially justified because he advanced flawed arguments in opposing her cost request, only to partially retreat from those arguments on appeal in *Fruitt I*. The record confirms, however, that the Commissioner maintained his position throughout the proceedings underlying *Fruitt I*. It is not dispositive that the Commissioner was wrong. *Hackett*, 475 F.3d at 1172. The relevant inquiry is whether the Commissioner's position was reasonable both in law and in fact. Given the state of the law in the Western District of Oklahoma at the time the Commissioner advanced his argument, we agree with the district court that the Commissioner's position was substantially justified. The district court therefore acted within its discretion in denying Ms. Fruitt's present EAJA application and Rule 59(e) motion. This conclusion obviates any need to consider whether the fee request was excessive or whether an award would have been unjust.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-6-