# ARMED SERVICES BOARD OF CONTRACT APPEALS

Application Under the Equal Access )
  to Justice Act of -- )
                                   )
Assessment and Training Solutions )    ASBCA No. 61047
  Consulting Corporation )
                                   )
Under Contract No. H92240-14-P-0155 )

APPEARANCE FOR THE APPELLANT:       James S. DelSordo, Esq.
                                       Argus Legal, PLLC
                                       Manassas, VA

APPEARANCES FOR THE GOVERNMENT:  Jeffrey P. Hildebrant, Esq.
                                       Air Force Deputy Chief Trial Attorney
                                       Phillip E. Reiman, Esq.
                                       Lt Col Nathaniel H. Sears, USAF
                                       Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE CLARKE

On October 3, 2017, the Board issued a decision sustaining in substantial part Assessment and Training Solutions Consulting Corporation's (ATSCC's) appeal of a contracting officer's (CO's) final decision denying ATSCC's claims for costs resulting from damage to two boats it leased to the Navy. ATSCC's total claim was for $57,596.01. The major damage was to one of the engines on the Free Spirit for which ATSCC claimed $39,645.88. The Board sustained ATSCC's appeal in the amount of $50,637.08. *Assessment and Training Solutions Consulting Corporation*, ASBCA No. 61047, 17-1 BCA ¶ 36,867 at 179,635. On November 9, 2017, the Navy filed a motion for partial reconsideration.[1] On January 8, 2018, ATSCC timely[2] applied for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504. On January 10, 2018, the Board notified ATSCC that its EAJA application would be held in abeyance until the Board issued its decision on the Navy's motion for reconsideration. On March 6, 2018, the Board issued its decision denying the Navy's motion. *Assessment and Training Solutions Consulting*

---

[1] The Navy received the October 3, 2017 decision on October 13, 2017 (gov't mot. at 1) and therefore the November 9, 2017 motion for reconsideration is timely.

[2] But for the Navy's motion for reconsideration ATSCC's EAJA application would have been untimely. However, the motion for reconsideration has the effect of preventing the Board's decision from becoming final. *E.W. Bliss Co.*, ASBCA No. 9489 *et al.*, 68-2 BCA ¶ 7119 at 32,974.

*Corporation*, ASBCA No. 61047, 18-1 BCA ¶ 37,001. On April 26, 2018, the Board directed the Navy to respond to ATSCC's EAJA application. On May 24, 2018, the Navy filed its opposition to ATSCC's application.

*EAJA/Substantial Justification*

The EAJA provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.

5 U.S.C. § 504(a)(1). For purposes of EAJA, a "party" includes any corporation the net worth of which did not exceed $7,000,000 at the time the adversary adjudication was initiated, and which had not more than 500 employees at the time the adversary adjudication was initiated. 5 U.S.C. § 504(b)(1)(B)(ii). The Air Force does not contest that ATSCC is eligible for possible recovery under the EAJA (gov't br. at 3-4). We find that the documents presented in support of the EAJA application demonstrate that ATSCC is a "party," satisfied the net worth and employee limitations required for EAJA eligibility (declaration of John Janota attached to application), and that, the Board having substantially sustained the appeal, ATSCC prevailed.

The Supreme Court has ruled that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). Only one threshold determination is to be made for the entire proceeding, including the underlying agency action. *Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *see also Hubbard v. United States*, 480 F.3d 1327, 1332 (Fed. Cir. 2007).

We discussed the role of legal precedence in determining substantial justification in *Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760:

> Another important consideration in determining whether the Government's position was substantially

2

justified is the clarity of the governing law. *JANA, Inc.*, ASBCA No. 32447, 89-2 BCA ¶ 21,638 (citing *Mattson v. Bowen*, 824 F.2d 655, 657 (8th Cir. 1987). The 10th Circuit, in *Martinez v. Secretary of Health and Human Services*, 815 F.2d 1381 (10th Cir. 1987) (quoting *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C. Cir. 1983), *cert. denied*, 466 U.S. 936 (1984)), discussed the relationship between the clarity of the applicable law and the determination of substantial justification, as follows:

> For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation. Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified.

*Id.* at 156,855. We discussed the role of factual questions in determining substantial justification in *Pro-Built Construction Firm*, ASBCA No. 59278, 18-1 BCA ¶ 36,975:

> In addition, the government's litigating position is more likely to be substantially justified when there are close factual questions and the Board's resolution of the appeal turns upon the weight, persuasiveness and credibility assigned to conflicting evidence. *Job Options*, [ASBCA No. 56698,] 11-1 BCA ¶ 34, 663 at 170,761.

*Id.* at 180,116.

*Positions of the Parties*

ATSCC's argues that because the Board "specifically rejected the Respondent's argument on the bailment issue" the Navy's litigation position was not substantially justified (app. br. at 5). The Navy argues that just because the Board disagreed with its litigation position does not automatically mean the Navy was not substantially justified in litigating as it did (gov't br. at 5). The Navy argues that the fact the trial judge found that ATSCC failed to directly prove the damages were caused by the Navy's negligence supports the conclusion that the Navy's position was substantially justified. The Navy contends the trial judge erred in resorting to the law of bailment presumption to sustain the appeal. (Gov't br. at 6)

3

*Discussion*

Relying on *Pierce v. Underwood* quoted above, we agree that the fact the Board disagreed with the Navy's litigation position is not in-and-of-itself proof that the Navy was not substantially justified in adopting that position. However, in this case the Navy ignored Board precedent that clearly dictated a decision in favor of ATSCC. The case is *Mohammad Darwish Ghabban Est.*, ASBCA No. 51994, 00-2 BCA ¶ 31,114. In this case the government leased construction equipment, including a road grader for use in Saudi Arabia. The grader was received in good working order. The government used the grader for 80 days without a problem except for a hydraulic leak that appellant repaired. On the 81st day the grader suffered a blown engine. Appellant submitted a technical report indicating that the engine failure was caused by a lack of water (coolant) and oil causing high temperature operation and engine failure. Appellant submitted a claim alleging that the blown engine was caused by government negligence. *Mohammad Darwish*, 00-2 BCA ¶ 31,114 at 153,669-70. The contract included a clause that the Board interpreted as "no more than an expression of the common law liability of the bailee." The Board explained the common law:

> Under the common law liability of a bailee, the Government's obligation was to exercise reasonable and ordinary care in safeguarding the bailed items. Appellant has shown that the equipment was delivered to the Government in good condition and returned in a damaged condition which gives rise to the presumption that the cause of the damage to the property was the Government's failure to exercise ordinary care or its negligence.

*Id.* at 153,672 (citation omitted).

In ATSCC the Navy leased several boats that were received in good operating condition. The contract included a clause that made ATSCC responsible for performing repairs unless "it can be proven that such repairs were due to negligence or willful damages caused by the government." *Assessment and Training Solutions*, 17-1 BCA ¶ 36,867 at 179,628. Two of the boats were returned damaged, one with a blown engine. The facts in ATSCC are directly analogous with the facts in *Mohammad Darwish*. The maintenance clause in ATSCC's contract that made the Navy liable for damage caused by negligence is no more than an expression of the common law liability of the bailee. Therefore, just as in *Mohammad Darwish*, the common law presumption applies to ATSCC. In ATSCC the Navy ignored *Mohammad Darwish*, and argued that the presumption did not apply because the maintenance clause required ATSCC to prove negligence. The Navy persisted making this same argument in its motion for reconsideration. The Navy's position in both the case-in-chief and the motion for reconsideration was not substantially justified because

4

Board caselaw clearly dictates a decision in favor of ATSCC. *Rex Systems*, 02-1 BCA ¶ 31,760 at 156,855.

There are also factual reasons that support our finding that the Navy was not substantially justified in pursuing this litigation. All of these facts are found in our decision. It has to do with the engine logs kept by the Navy during training operations. The Navy entered numerous checklists and engine logs into the record. Logs from July 2014 indicate that the Navy operated Free Spirit with overheated engines. In September 2014 Free Spirit's port engine failed to start. It was determined it needed an overhaul and two cylinders, a bent rod and an exhaust manifold were replaced. ATSCC paid the $12,134.80 repair cost. Free Spirit's port engine failed again on August 6, 2015. The Navy introduced testimony that the crew conducted hourly spot checks and filled out inspection logs kept on the boat. The Navy introduced sworn testimony that the Free Spirits engines were operating properly before the August 6, 2015 failure in the port engine. The problem is that the Navy failed to enter into evidence any of the engine logs after May 27, 2015. No explanation was given. The Navy had within its grasp proof of how the port engine was operated but entered only testimony that it was operated properly. The documents, if they corroborate the testimony, would have sealed the deal for the Navy and rebutted the presumption. However, the unexplained absence of the documents raises questions as to why the Navy proceeded with the case.

*ATSCC's Fees and Costs*

ATSCC claims the following fees and costs:

| Invoice No. | Attorney | Hours | Rate | Amount Requested |
|---|---|---|---|---|
| 104 | James S. DelSordo | 32.50 | $450 | $15,070.00 |
| 29 | James S. DelSordo | 12.10 | $450 | $5,445.00 |
| 149 | James S. DelSordo | 8.30 | $450 | $3,735.00 |
| 129 | James S. DelSordo | 23.70 | $450 | $10,665.00 |
| 129 | Postage | | | $23.50 |
| 129 | FedEx | | | $1.86 |
| 129 | Copying | | | $173.63 |
| | Total | 76.60 | Total | $35,113.99 |

ATSCC argues for enhanced attorney's fees of $450 per hour based on "COLA adjustment" and "Special Factors" (app. br. at 6-7). As we explained in *Optimum Services, Inc.*, ASBCA Nos. 58755, 59952, 17-1 BCA ¶ 36,816, we have no authority to award fees at more than the EAJA $125 per hour:

> With respect to the question of fee enhancement, the
> EAJA provides that "attorney...fees shall not be awarded in

excess of $125 per hour unless *the agency determines by regulation* that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys or agents for the proceedings involved, justifies a higher fee." 5 U.S.C. § 504(b)(1)(A) (emphasis added). Our Board jurisprudence has long held that the EAJA "does not confer on the ASBCA discretion to apply cost of living or special factor increases without an agency determination so prescribing by regulation." *Freedom, NY, Inc.*, ASBCA No. 43965, 09-1 BCA ¶ 34,097 at 168,595; *see also ABS Baumaschinenvertrieb, GmbH*, ASBCA No. 48207, 01-2 BCA ¶ 31,549 at 155,826-27 (declining to enhance fees where "the Department of Defense has not issued such a regulation authorizing enhancement of fees based on cost of living or any other special factor"); *Arapaho Commc'ns, Inc./Steele & Sons, Inc., Joint Venture*, ASBCA No. 48235, 98-1 BCA ¶ 29,563 at 146,544 ("No such regulation has been issued by the Department of Defense. We have no authority in this instance to award more than [the statutory rate.]").

*Id.* at 179,429-30. As of the date of this Decision, no such regulation has been issued by the Department of Defense. We have no authority to award enhanced fees.

We find the total number of hours 76.60 reasonable. Recalculating the amount for attorney's fees using $125 per hour for the total hours of 76.60 results in $9,575. We find the claimed expenses reasonable. The total amount for postage, FedEx and copying is $198.99. The total amount of EAJA recovery is $9,575.00 + $198.99 = $9,773.99.

## CONCLUSION

For the forgoing reasons, ATSCC is awarded reasonable attorney's fees and other expenses incurred in the amount of $9,773.99.

Dated: June 18, 2018

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

(Signature continued)

6

I concur in result
(see separate opinion)

_____
J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


# OPINION BY ADMINISTRATIVE JUDGE PROUTY

I concur in the result. As in the original decision in this appeal and in the decision on reconsideration, I respectfully disagree with Judge Clarke's reasoning regarding the application of the presumption of negligence from bailment law in this matter. Nevertheless, I agreed that the evidence supported a finding of negligence here, even without the presumption, and that opinion stands. Inasmuch as the law on negligence is clear, under the facts presented in this appeal, the government's position was not substantially justified. *See Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,855. In all other material aspects, I agree with Judge Clarke's opinion.

Dated: June 18, 2018

_____
J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 61047, Appeal of Assessment and Training Solutions Consulting Corporation, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8